BAMBINO RITACCO, Respondent, *v.* THE CITY OF NEW ROCHELLE, Appellant.

Second Department, December 14, 1917.

**Trial — action for personal injuries — new trial granted because of prejudicial remarks by plaintiff's counsel to jury as to liability of defendant.**

Where in an action against a city for personal injuries, the defendant was allowed an exception to remarks of counsel for the plaintiff in which he stated in substance to the jury " You don't imagine for a moment that the City is going to pay. You know well enough who is going to pay," a judgment in favor of the plaintiff should be reversed and a new trial granted because of such remarks calculated to prejudice the jury, although there was neither request for withdrawal of a juror nor to impanel a new jury.

APPEAL by the defendant, The City of New Rochelle, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 25th day of January, 1917, upon the verdict of a jury for $750, and also from an order entered in said clerk's office on the 27th day of March, 1917, denying defendant's motion for a new trial made upon the minutes.

*Edward W. Davidson, Corporation Counsel,* for the appellant.

*Michael J. Tierney,* for the respondent.

PER CURIAM:

Without consideration of the merits, we reverse this judgment and order and grant a new trial.

The plaintiff recovered a verdict for personal injuries from a fall upon a sidewalk of the city whereon there was ice and snow. The record shows that at the close of the address to the jury by plaintiff's counsel the defendant's counsel said: " I want to take an exception on the record to the remarks of counsel for the plaintiff, in which he stated, in substance, to the jury ' You don't imagine for a moment that the City is going to pay. You know well enough who is going to pay.' " The Court (addressing counsel for the plaintiff): " Have you anything to say about that statement — whether it exactly quotes you? As I recall it, it was made,

in substance, in that form, at the time counsel was commenting upon the testimony of certain witnesses who appeared to be in the employ of the landowner." Counsel for plaintiff: " The railroad company; yes, sir." The Court: " Well, I call them the landowner. I think I will have to give you the benefit of an exception." Although the defendant's counsel used the word " exception," yet we think that upon this record it was equipollent with the word " objection " inasmuch as the trial court thus regarded it, as is shown by a ruling that awarded " an exception " to the defendant.

In this case, as in that of *Hordern* v. *Salvation Army* (124 App. Div. 674), there was neither request for withdrawal of a juror nor to impanel a new jury, but we think, for the reasons that moved the court in that case, we should make a like decision. The remark was manifestly improper, to the prejudice of the defendant.

We are cited by the learned counsel for the respondent to two judgments of the Court of Appeals. But it must not be forgotten that our power is different from their power. We need but cite one of these very cases to sustain this statement. In *Cattano* v. *Metropolitan Street R. Co.* (173 N. Y. at 571), Vann, J., for the court, writing of the power of this court to grant a new trial for a statement " calculated to arouse prejudice and lead the jury away from the evidence," says: " It would have justified the trial court or the Appellate Division in exercising the great power of dealing with the facts, which is intrusted to them but not to us, by setting aside the verdict and granting a new trial. The Court of Appeals, however, can reverse only on an exception taken to a ruling of the court, and no exception relating to the subject raises an error that we can review." Thus, quite aside from the technicalities of the record, this court in the interest of justice can thus dispose of this appeal.

The judgment and order are reversed and a new trial is granted, costs to abide the event.

Jenks, P. J., Thomas, Stapleton, Rich and Blackmar, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.